Mr. Justice Hagner
delivered the opinion of the Court:
An application has been presented to us in behalf of William H. Hayden for an order requiring the payment to him out of the funds in court of a sum of money upon the following grounds:
*606 Pie alleges he was a tenant of Woodbury Blair and others of part of. tract numbered 14 on the original plat of the projected park. When the Commissioners made their appraisements in December. 1891, a valuation was returned by them for the entire tract, and the value of the unexpired term of the leasehold claimed by Hayden was stated at $80, which was to be paid to him out of the gross sum. By the President’s decision of April 14, 1892, tract 14 was excluded from the park and all claim by the United States against it was at an end.
Hayden now alleges the principal value of his lease consisted in the right to cut fencing stuff and firewood for himself and hands from the land; that by reason of an injunction by the equity court, passed in another cause, all cutting of wood from the lands laid down on the plat was forbidden, and consequently he was obliged to purchase firewood elsewhere at considerable expense, to carry on his business as dairyman: that the sum allowed him by the Commissioners was insufficient, and he has expended more than that sum in supplying himself with firewood. And claiming his said term was thus taken for a public use, he prays an order may be passed directing the payment of the said $80.
An examination of the injunction cause referred to shows the restraining order was limited to one parcel of land in the whole park, that belonging to one of the Shoemakers, and from its operation all the other parcels were, particularly exempted. That order therefore constituted no obstacle whatever to Mr. Hayden’s continuing to take wood from the leased premises.
But apart from this, the tract No. 14, of which this property was a part, was never taken for public use. By the terms of the act of Congress,' a sum of money was appropriated to pay “the expenses of inquiry, survey, assessment, cost of lands taken, and all other necessary expenses incidental thereto — •” ; and this court has passed orders for the payment of moneys for these purposes. But the claim here is for the payment of property not “taken,” but which has *607 distinctly been excluded from the park-by the order of the President; and we are of the opinion we have no right to direct the application of the public money for the object claimed. If the action of the United States in the course of the inquiry as to the propriety of including certain lands within the park, has really caused direct injury to such lands, the owner may prefer his claim to the proper authorities; or perhaps to the Court of Claims; but we have no jurisdiction to give equitable relief in the manner claimed.
Samuel P. Lee, the owner of tract No. 15, which was within the lines of the original plat, has lalso applied for an allowance out of the fund in court to repay $65 paid by him to 'witnesses examined in his behalf, before the Commission, to prove the value of a white flint quarry on his land. He claimed this stone was very suitable for road making, and the witnesses were called as experts to testify to its value and extent. In this case, also, the tract was excluded from the park, as finally established, and the quarry and all its surroundings remain with the proprietor unaffected by the condemnation.
We cannot suppose those witnesses can be properly classed with the description of witnesses known as experts. The subjects as to which they testified are not of the character involving especial skill or peculiar knowledge, but would appear to be entirely within the range of ordinary experience.
But apart from this, the circumstance that the land was not taken for public- use, constitutes an insuperable objection to the passing by us of the order applied for.
When these applications were first made, we decided they could not be allowed; but agreed to hear counsel again on the subject. Our former opinion remains unchanged, and the prayer of each petition is refused.